COLUMBUS DRY GOODS CO. v. GLOBE & RUTGERS FIRE INS. CO.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

**1. INSURANCE (§ 633\*)—FIRE INSURANCE—COMPLAINT—SUFFICIENCY.**

A complaint in an action on a fire policy on personal property, which alleges that at the times mentioned, "down to the time of their destruction by fire" as set forth, plaintiff was the owner of the personal property in the building then occupied by him, sufficiently alleges ownership at the time of the fire.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 633.\*]

**2. INSURANCE (§ 636\*)—FIRE INSURANCE—COMPLAINT—SUFFICIENCY.**

In an action on a fire policy, the fact that plaintiff has obtained satisfaction from other insurance is an affirmative defense, which is not shown by the allegation in the complaint that plaintiff had other insurance on the property destroyed, which aggregated more than the loss, without any showing that he had collected.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 636.\*]

Appeal from Special Term, New York County.

Action by the Columbus Dry Goods Company against the Globe & Rutgers Fire Insurance Company. From a judgment of dismissal at the opening of plaintiff's case, it appeals. Reversed, and new trial ordered.

See, also, 115 N. Y. Supp. 1116.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Learned Hand, for appellant.
Charles D. Cleveland, for respondent.

INGRAHAM, J. The defendant took two objections to this complaint, which its counsel designated as technical, but which we think are frivolous. The action is brought to recover upon a policy of fire insurance upon personal property contained in a five-story metal-proof building located in the city of Columbus, Ohio. The complaint alleges that "at the times hereinafter mentioned, down to the time of their destruction by fire, as hereinafter set forth, the plaintiff was the owner of certain fixtures and other personal property in a building then occupied by the plaintiff and known as Nos. 168 to 178 North High street, Columbus, Ohio," and the first objection is that the allegation "down to the time of their destruction by fire" is not an allegation that the plaintiff was the owner of the building at the time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the fire. The allegation is that the plaintiff was the owner of the property down to its destruction by fire, and after it was destroyed there was certainly no property to be owned by the plaintiff or anybody else. If the plaintiff owned it down to its destruction, it could never have been owned by any one else; for when it was destroyed it ceased to be property at all which was subject to ownership, and it was for the loss caused by the destruction by fire of the property which the defendant undertook to insure against. As the plaintiff owned the property until it was destroyed, the defendant then became liable for the damage sustained by the plaintiff in consequence of such destruction.

The second point is presented by the allegation of the complaint that "the true and actual cash value of the said property so insured, at the time of the destruction thereof and damage thereto, was at least the sum of thirty-seven thousand ($37,000) dollars, and that the loss sustained by the plaintiff from such fire was at least the sum of twenty-four thousand ($24,000) dollars," and that the plaintiff had insurance on the property insured aggregating the sum of $33,245.75, in addition to said binder or contract of insurance issued by the defendant upon the said property; and the objection is that it appears on the face of the complaint that the plaintiff has suffered no loss, as the insurance upon the property was $33,000 and the loss $24,000. There is no allegation that the plaintiff has collected upon this insurance the amount of the loss, and there is nothing suggested in the complaint that, because the insurance had actually exceeded the loss, the defendant company should be exonerated from liability, while the other companies are to be held for more than the proportion of the loss which each policy bears to the total amount of insurance. The complaint alleges that the defendant is a domestic corporation, organized under the laws of the state of New York, and is engaged in business within the states of New York, Ohio, and elsewhere. If there is any presumption at all as to the form of the policy, it should be assumed that the policy is the standard policy prescribed for insurance by New York corporations; but, assuming that there is no presumption as to the form of the policy, the defendant was liable under its policy for the loss that the plaintiff sustained in consequence of the destruction of the property insured by fire. If the plaintiff had obtained satisfaction of that loss from other insurance upon the property, it was an affirmative defense; and the mere allegation of other insurance, which equaled the loss, cannot by any construction be turned into an allegation that the plaintiff has obtained a satisfaction of its damage from such other insurance.

We think the dismissal of the complaint was clearly error, and that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.